## ACKER v. ACKER.*

### Divorce; Habitual Drunkenness; Costs.

1. A decree of the lower court dismissing a bill for divorce (filed before the District of Columbia Code went into effect) by a wife upon the ground of the habitual drunkenness of her husband, *affirmed,* for the reason that the testimony, although showing occasional instances of intoxication on the part of the husband, and sometimes protracted intoxication, within three years of the filing of the bill, failed to establish the state of habitual drunkenness required by a statute allowing a divorce "for habitual drunkenness for a period of three years of the party complained of."
2. The costs of this court on such appeal were ordered to be taxed against the appellee, the husband.

No. 1305. Submitted June 4, 1903. Decided June 25, 1903.

Hearing on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia dismissing a bill for divorce.                                    *Affirmed.*

*Divorce—Drunkenness.— Drunkenness as a ground for, or as affecting, divorce, see the presentation of the authorities in editorial note to *Dennis* v. *Dennis,* 34 L. R. A. 449.

The facts are sufficiently stated in the opinion.

*Mr. Morgan H. Beach, Mr. Henry E. Davis,* and *Mr. Leonard J. Mather* for the appellant.

*Mr. William A. Gordon* and *Mr. J. Holdsworth Gordon* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an appeal from a decree dismissing a bill for divorce from the bond of marriage, under the law as it existed before the adoption of the Code, setting up the two following statutory grounds: "For habitual drunkenness for a period of three years of the party complained of;" "For cruelty of treatment endangering the life or health of the party complaining."

The evidence to support the charge of cruelty of treatment is clearly insufficient, and the assignment of error founded thereon has not been strongly relied upon.

The learned justice who presided at the hearing reviewed the evidence and discussed the questions of law raised thereon, in an opinion which has been incorporated in the record; and held the proof insufficient to make out the necessary case of habitual drunkenness.

The parties were married in the District of Columbia in 1884 and have since resided therein.

Forty-one witnesses were introduced on behalf of the complainant and forty-five on behalf of the defendant. Many of these were examined and cross-examined at considerable length; and the evidence took a wide range, running back over a period of about fifteen years preceding the filing of the bill.

It would serve no useful purpose to review this evidence, much of which is inconsequential and irrelevant, and spread it in condensed form upon the record.

The entire record has been carefully considered in the light of able arguments upon both sides, pointing out and pressing upon our attention all of its points of strength or weakness; and

we have not been convinced that there was error in the conclusion of the trial justice. Nor did he err in holding that the habitual drunkenness, under the statute, must have existed during the three years next preceding the institution of the suit, or a separation for that cause followed by suit within a reasonable period.

Attempts have been frequently made by learned courts to define "habitual drunkenness," as used without further specification in statutes of this nature and others, and the results have not been altogether harmonious.

The facts in the case at bar do not render such an attempt on our part necessary. Each case of the kind must turn upon its own peculiar facts and the reasonable inference deducible therefrom. The decision in one case can rarely furnish a certain governing rule for another. The most that can be said of the established facts in this case is that they show occasional instances, within the three years, of disgusting and sometimes protracted intoxication, but fall short of establishing the state of habitual drunkenness required by the statute.

The situation disclosed by proof of occasional distressing conditions in the married life of the complainant is one sufficient to excite deep sympathy but not sufficient, under the rule of public policy declared by the statute, to warrant a decree freeing her from the marriage bond. That can only be done upon clear and satisfactory proof of the existence of the particular condition only which the authorizing statute prescribes.

We find no error in the decree appealed from, and it will be affirmed, with costs of this court to be taxed against the appellee.

We are not to be understood as determining the question of costs in the court below; that has been left open for final disposition by the terms of the decree appealed from. *It is so ordered.*